930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Nola L. SWAIN, Plaintiff-Appellant,
v.
The RESOLUTION TRUST CORPORATION, as conservator for Otero
Savings and Loan Association, Defendant-Appellee.
 No. 89-1211.
 United States Court of Appeals, Tenth Circuit.
 March 18, 1991.
 
 Before HOLLOWAY, Circuit Judges, BARRETT, Senior Circuit Judge, and BROWN*, District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Senior Circuit Judge.
 
 
 1
 Nola Swain ("Swain") sued Resolution Trust Corporation as Conservator for Otero Savings and Loan Association ("Otero") for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e to 2000e-17. Swain now appeals from a bench trial after which the district court dismissed her claims as meritless.
 
 
 2
 Swain worked at Otero from November 7, 1977, to August 8, 1978. She began at Otero as a staff appraiser, and, after five weeks, was promoted to supervisor of Otero's Colorado Springs appraisal department. Because she was not given a salary increase with her promotion, Swain asked Otero in March, 1978, to reassign her as a staff appraiser, which Otero did.
 
 
 3
 In July, 1978, Swain requested that Otero give her a salary increase pursuant to an oral agreement she had with Merle Carpenter, the president of Otero. Her request was denied. She wrote a letter to Carpenter on August 7, 1978, complaining about her lack of salary increase. On August 8, 1978, Carpenter told Roy Younker and William Moss, Swain's supervisors, to fire her for having a "poor attitude" unless her attitude changed. Younker and Moss met with Swain and, after determining that her attitude had not changed, fired her. Swain and Otero agree that Swain was officially fired for "poor job performance" and "poor attitude."
 
 
 4
 Swain initiated this Title VII suit after receiving a "Notice of Right to Sue" from the Colorado Civil Rights Commission. Within her complaint, Swain alleged disparate treatment, disparate impact, and retaliation.
 
 
 5
 At the close of Swain's case, the district court granted Otero's motion for a directed verdict on Swain's claim for disparate treatment. At the end of trial, the court filed a Memorandum of Findings of Fact and Conclusions of Law, in which it dismissed all of Swain's claims as meritless. In its order of dismissal, the court memorialized its earlier finding that Swain failed to establish a disparate treatment case. In addition, the court found that Swain also failed to establish a prima facie case of disparate impact and that the evidence, taken as a whole, did not support her retaliation claim. On appeal, Swain asserts that the court erred in dismissing her claims as meritless. We have carefully reviewed the record and find no error in the district court's dismissal of all claims.
 
 
 6
 Swain asserts that the district court erred in requiring that she prove that Otero intentionally discriminated against her as part of her disparate impact claim. It is true that an employer's intent to discriminate is not an issue in disparate impact cases. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 986-87 (1988). However, in order to establish a prima facie disparate impact claim, Swain was required not only to identify the specific employment practice that she was challenging, but also to prove "causation; that is, the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group.... [the Court has] consistently stressed that statistical disparities must be sufficiently substantial that they raise such an inference of causation." Watson, 487 U.S. at 994-95.
 
 
 7
 Here, Swain utterly failed to develop statistical evidence "sufficiently substantial" to prove "an inference of causation." Swain did present evidence that, between 1976 and 1982, all employees fired for "poor attitude" and most employees fired for "poor job performance" were women. However, Swain did not develop the percentage of total employees who were affected by these discharge practices. Without such a percentage, her statistics are meaningless.
 
 
 8
 Swain claims that three of her exhibits indicate the total workforce for Otero between 1976 and 1978, so that her discharge statistics are meaningful for those years. However, a cursory glance at these exhibits reflects that the names of numerous employees are duplicated and that other names are omitted. Swain cannot rely on this raw data on appeal because she did nothing at trial to develop it or explain its inconsistencies. Id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Wesley E. Brown, Senior Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3